IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| SHENZHEN KEENRAY INNOVATIONS LIMITED., a foreign corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>GLOBAL PROTON LLC, a Colorado corporation,<br><br>*Defendant*. | CASE NO.<br><br>**JURY TRIAL DEMAND** |

# COMPLAINT

This is an action brought under the Declaratory Judgment Act by Plaintiff Shenzhen Keenray Innovations Limited ("Plaintiff") against Defendant Global Proton LLC ("Defendant"). Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. This court has original jurisdiction over the subject matter of this action pursuant to the Patent Act, 35 U.S.C.§§ 1 *et seq*., pursuant to 28 U.S.C.§§ 1331, 1332(a) and (c), 1338(a), and pursuant to the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202.

2. This is an action under the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, seeking a declaratory judgment that Plaintiff has not infringed any Defendant's (including any of Defendants' predecessors and/or successors in interest) alleged patent directly, contributorily, or vicariously.

1

3. This is an action under the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202 seeking a declaratory judgment that Defendant's Patent U.S. Patent No. 8,481,895 ("the '895 Patent") is invalid under at least 35 U.S.C. §§ 102 and 103. A true copy of the '895 Patent is attached hereto as Exhibit 1.

4. This action arises from Defendant's filing of fraudulent patent infringement complaint to Amazon, causing Amazon threaten to remove Plaintiff's offers and Amazon.com selling privilege from the market, which could lead to the total annihilation of Plaintiff's business.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a) because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 1 *et seq*.

6. An actual case or controversy exists between the parties to this action. Defendant filed the patent infringement complaint to Amazon which would result in the removal of Plaintiff's Amazon product listings. Product delisting from Amazon would stop Plaintiff from selling its product on Amazon and cause significant financial loss to Plaintiff. Defendant's actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et. seq.

7. This Court has personal jurisdiction over Defendant as it is a resident of Colorado.

8. Venue is proper in this Court pursuant to 28 U.S.C.§ 1391(b) and (c) and 1400(b) because Defendant resides in this judicial district.

## THE PARTIES

9. Plaintiff is a limited liability company organized and existing under the laws of the People's Republic of China, having its principal place of business located in Shenzhen City, China.

10. Defendant is a company organized and existing under the laws of Colorado, with the registered agent address located at 2574 Ingalls Street, Edgewater, Colorado, 80214, United States.

## FACTUAL BACKGROUND

11. Plaintiff sells the Towel Warmers through its Amazon store.

12. Plaintiff's Towel Warmers are well established on Amazon and enjoy quality customer reviews.

13. Plaintiff's Towel Warmer ranked as the first place in best sellers in Towel Warmers on Amazon, and it is also Amazon's choice products as shown below.



3

14. On information and believe, in light of Plaintiff's business success, Defendant started its shady business by obtaining the '895 Patent to steal Plaintiff's Towel Warmer market.

15. Defendant was registered in Colorado on November 13, 2022. Defendant has a web page viewable at www.global-proton.com and is advertising, *inter alia*, the '895 Patent as shown below:



16. It appears from Defendant's website that the only business Defendant is currently conducting is to enforce the '895 Patent. Defendant has provided no products and no services from which it derives any revenues.

17. The records of the U.S. Patent and Trademark Office ("USPTO") indicate that the '895 Patent expired on July 10, 2021 because the former owner of the '895 Patent failed to pay the maintenance fee in 2021.

18. On information and belief, the former owner of the '895 Patent knew that the maintenance fee on the '895 Patent was due as set forth above, and consciously and deliberately

4

opted not to pay it, knowing and understanding that the failure to pay the required fee will cause the '895 Patent to lapse and expire.

19. On information and belief, Defendant conspired to revive the abandoned and expired '895 Patent, including by contacting the former owner and/or others connected with the former owner, and persuading them to file a fraudulent petition at the USPTO to re-instate the '895 Patent.

20. On June 8, 2023, the former owner of '895 Patent filed a Petition to Accept Late Payment of Maintenance Fee Payment to the USPTO (the "Petition") to re-instate the '895 Patent.

21. On information and believe, the Petition is fraudulent by falsely representing to the USPTO that the abandonment and expiration of the '895 Patent was "unintentional".

22. This Petition is of a type that the USPTO accepts automatically without any proof of the veracity of the truth of the statements therein, accepting that the abandonment was "unintentional," and leaving it the Judicial branch of the U.S. Government to resolve the veracity and/or appropriateness of the Petition allegations.

23. On June 23, 2023, the ownership of the '895 Patent was transferred to Defendant after the USPTO accepted the late payment of maintenance fee.

24. After obtaining the '895 Patent, Defendant filed the infringement complaint to Amazon against Plaintiff immediately.

25. On July 9, 2023, Amazon notified Plaintiff that it received a report from a rights owner that Plaintiff's Towel Warmers infringe the '895 Patent and asked Plaintiff to directly contact Steven from Defendant. The notification is shown as follows:

5

> 发件人: Amazon<no-reply-notice-outreach@amazon.com>
> 主题: Information regarding your Amazon Account
> 日期: 2023 年 7 月 9 日(周日) 02:20
> 收件人: us<us@keenray.com>
>
> Hello,
>
> We received a report from a rights owner that claims the items at the end of this email infringe their utility patent rights. We consider allegations of intellectual property infringement a serious matter. We have provided the rights owner's contact information below:
>
> -- Steven
> -- steven@global-proton.com
> -- Patent number: 8481895
>
> Please work directly with the rights owner to resolve this dispute. We encourage you to resolve this dispute promptly. Failure to do so may result in removal of your offers or your Amazon.com selling privileges.
>
> ASIN: B08ZMXQRPZ
> Title: Keenray Towel Warmer, Luxury Towel Warmer Bucket, Large Towel Warmers for Bathroom, Auto Shut Off, Fits Up to Two 40"X70" Oversized Towels, Bathrobes, Blankets, PJ's and More, CL1
>
> Complaint ID: 13239536691
>
> Sincerely,
> Seller Performance Team
> Amazon.com
> http://www.amazon.com

26. Amazon notified Plaintiff that it might remove Plaintiff's offers and Amazon.com selling privileges to sell its Towel Warmer, which means that Amazon might deactivate Plaintiff's Amazon's selling account at any time because of Defendant's infringement complaint.

27. The fraudulent infringement complaint sent by Defendant has placed Plaintiff's entire relationship with Amazon at a grave risk, and that conduct threatens irreparable damage to Plaintiff's ability to offer and sell its popular products on Amazon.

28. Plaintiff's Towel Warmers are so constructed that they do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '895 Patent.

29. The claims, if any of the '895 Patent that are applicable to Plaintiff's Towel Warmers, are invalid in view of and over prior similar towel warmers existing and/or described in the prior art.

6

**COUNT I**
**(Declaration of Non-infringement of U.S. Patent, No. 8,481,895)**

30. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

31. As described previously, Defendant alleges that Plaintiff's Towel Warmers infringe the '895 Patent, without providing any further details.

32. Plaintiff's Towel Warmers do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '895 Patent.

33. However, Defendant fraudulently alleged to Amazon that Plaintiff's Towel Warmers infringe the '895 Patent, which resulted in Amazon warning Plaintiff that its offers and Amazon.com selling privileges would be removed.

34. The circumstances show that there is an actual, present, substantial, and justiciable controversy between Plaintiff and Defendant, which have adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

35. Plaintiff seeks a declaratory judgment that Plaintiff did not infringe, is not infringing, has not infringed and/or is not liable for infringing the '895 Patent.

36. By reason of the foregoing, Plaintiff is suffering and will continue to suffer irreparable harm, unless and until the Court so orders.

**COUNT II**
**(Declaration of Invalidity of U.S. Patent, No. 8,481,895)**

37. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

38. This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

39. There exists an actual and justiciable controversy between Plaintiff and Defendant with respect to the alleged validity of the '895 Patent due to the assertion of the infringement against the Plaintiff's Towel Warmers.

40. The '895 Patent is invalid over the prior art because its mechanical structures are those that existed in the prior art that precedes the filing date for the application that resulted in the '895 Patent.

41. Further, the former owner of the '895 Patent knew that the '895 Patent had expired and could only be revived if the abandonment thereof was truly unintended. In the case of the '895 Patent, the abandonment was deliberate, knowing and based on the fact that former owner of the '895 Patent had no further interest in maintaining either the registered trademark nor the '895 Patent pertaining thereto. The submission of the Petition to resurrect the '895 Patent was based on the false statement that the abandonment in 2021 was unintended was false, incorrect and intended to misled and deceive the USPTO. Hence, the '895 Patent is both invalid and unenforceable.

42. However, Defendant fraudulently alleged to Amazon that Plaintiff's Towel Warmers infringe the '895 Patent, which resulted in Amazon warning Plaintiff that Plaintiff's list and Amazon.com selling privileges would be removed.

43. By reason of the foregoing, Plaintiff is suffering and will continue to suffer irreparable harm from the Defendant's fraudulent act.

44. In the view of the foregoing, Plaintiff is entitled to a declaratory judgment that the '895 Patent is invalid and/or unenforceable under one or more provisions of 35 U.S.C. §§ 102 and 103.

///

///

## COUNT III
### (Tortious Interference with Existing Business Relationships)

45. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

46. Defendant's actions, as described herein, including misrepresenting to Amazon that Plaintiff's Towel Warmers infringe upon its fraudulently procured and invalid '895 Patent has harmed Plaintiff's selling relationship with Amazon by (a) effectively causing the imminent removal from Amazon of Plaintiff's list, and (b) putting Plaintiff at risk of its Amazon stores being permanently closed as a result of legally false infringement complaints, and (c) hindering the continued sale and positive review of the Plaintiff's Towel Warmers by Amazon customers so that, even if the listing were restored, it would be at a disadvantage to similar products offered by Plaintiff's competitors.

47. Defendant intended to harm and has irreparably harmed Plaintiff's reputation with Amazon by making these false statements to Amazon.

48. Plaintiff would lose valuable selling opportunities as a direct and proximate suffer, severe irreparable harm from which there is no adequate remedy at law.

49. Plaintiff is entitled to the imposition of a preliminary and permanent injunction against the Defendant, to restrain and enjoin it and its agents from further tortiously interfering with the Plaintiff's business relationship with Amazon.

50. By reason of the foregoing, Plaintiff is entitled to an award of damages from Defendant in an amount to be determined at trial.

51. Defendant's aforesaid acts are of such wanton, willful and malicious nature, that Plaintiff is entitled to an award of punitive damages in an amount to be determined at trial, in order to punish the Defendant and deter others similarly situated from committing such acts in the future.

52. By reason of the foregoing, Plaintiff is suffering and will continue to suffer irreparable harm, unless and until the Court directs the Defendant to withdraw its complaint to Amazon.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) For judgment in favor of Plaintiff against Defendant on all claims;

2) Declaring that Plaintiff's Towel Warmers do not infringe the Defendant's U.S. Patent No. 8,481,895;

3) Declaring that U.S. Patent No. 8,481,895 is invalid and unenforceable;

4) Judgment that this case is exceptional and that the Defendant be ordered to pay all Plaintiff's costs and attorneys' fees associated with this action pursuant to 35 U.S.C. § 285;

5) Order by this Court that Defendant must immediately revoke any complaints of infringement of the U.S. Patent No. 8,481,895 made to Amazon against Plaintiff;

6) Enjoining Defendant temporarily, preliminarily, and permanently from making any future complaint regarding U.S. Patent No. 8,481,895 against Plaintiff and Plaintiff's Towel Warmer;

7) Ordering Defendant to return to the Court with proof of compliance of this Order within seven (7) days of entry thereof, with a copy served on Plaintiff's attorney;

8) Awarding Plaintiff damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case;

9) Awarding Plaintiff compensatory, general and special, consequential and incidental damages in an amount to be determined at trial;

10) Awarding Plaintiff exemplary, punitive, statutory, and enhanced damages.

    11)    Awarding pre- and post- judgment interest; and

    12)    Awarding Plaintiff such other and further relief as this Court deems is just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

| | |
|---|---|
| Date: July 20, 2023 | /s/ Wei Wang |
| | Wei Wang, Esq. |
| | GLACIER LAW LLP |
| | 41 Madison Avenue, Suite 2529 |
| | New York, NY, 10010 |
| | wei.wang@glacier.law |
| | 332-777-7315 |
| | |
| | ***Attorney for Plaintiff*** |

Address of Plaintiff, Shenzhen Keenray Innovations Limited:
No. 901, Building 6, Dongjiu, Innovation Science and Technology Park, 73 Xiali South Road, Nanwan Street, Longgang District, Shenzhen City, China.

11