

HUNTON ANDREWS KURTH LLP
200 PARK AVENUE
NEW YORK, NY 10166-0005

TEL   212 • 309 • 1000
FAX   212 • 309 • 1100

ARMIN GHIAM
DIRECT DIAL: 212 • 908 • 6207
EMAIL: aghiam@HuntonAK.com

October 12, 2023

FILE NO: 126908.0000001

**Via ECF**

Magistrate Judge Scott T. Varholak
Alfred A. Arraj United States Courthouse
901 19th Street, Courtroom A-402
Denver, Colorado 80294

> Re:   *Shenzhen Keenray Innovations Limited v. Global Proton LLC*,
> <u>No. 1:23-cv-01855 (D. Colo. Jul 20, 2023)</u>

Dear Judge Varholak:

We represent defendant Global Proton LLC ("Defendant") in the above matter. This correspondence is submitted by Proton and Plaintiff Shenzhen Keenray Innovations Limited ("Plaintiff") pursuant to Your Honor's Order of October 10, 2023 (Dkt. 24) requesting a joint statement indicating: i) the parties' respective positions on the need for an Evidentiary Hearing on Defendant's Motion for Preliminary Injunction (Dkt. 23); ii) to the extent the parties believe an evidentiary hearing is required, an estimate of the amount of time that would be required for the hearing; and iii) a proposed briefing schedule for the Motion.

**I.   Plaintiff's Position:**

Plaintiff proposes a 30-day deadline for it to file an opposition in response to Defendant's Motion for Preliminary Injunction. Defendant's position is ridiculous by holding that Plaintiff should only have two-week to oppose because Plaintiff has been aware of Defendant's "intention" to file the motion. It is noted that both parties initially concurred on a 30-day response timeframe during the meet and confer conference, Defendant changed their position after learning Plaintiff's intention to subpoena more pivotal witnesses in this case. Defendant also did not mention that it sought emergency relief during the meet and confer or when they filed their Motion. In addition, Plaintiff intends to file a motion for expedited discovery and to extend Plaintiff's opposition to 30-days after the completion of expedited discovery if the Court granted Plaintiff's motion. Given the potential of fraud products before the USPTO, Plaintiff needs the substantial time to obtain relevant evidence and take deposition of relevant parties. Plaintiff's expert(s) also need time to finish its(their) expert reports.

October 12, 2023
Page 2



    Plaintiff proposes a 2-day Evidentiary Hearing because there are substantial questions of Defendant infringement arguments and the validity of Defendant's patent. Especially, Plaintiff would provide expert(s) testimony testifying that there is no infringement and Defendant's patent is invalid pursuant to 35 U.S.C. §§ 102 or 103. Having the expert witnesses testify in person will assist the Court in gaining a deeper understanding of the technical intricacies and nuances. Further, The Defendant submitted a declaration from Curtis Taylor, the former owner of the Defendant's patent via HeatWave LLC, upon which they heavily relied. However, this declaration is riddled with defects. Plaintiff is entitled cross-examine Curtis Taylor during the Evidentiary Hearing before the Court. It appears that Defendant is reluctant to allow Plaintiff an opportunity to cross-examine its witness, thereby preventing the Court from ascertaining the truth. Also, there is also substantial question of invalidity of Defendant's patent due to inequitable conduct before USPTO. In light of HeatWave LLC, Defendant and HeatWave LLC's counsel might have been a conspiracy to engage in the inequitable conduct by filing the fraud or at least misrepresent statement before the USPTO, Plaintiff is also entitled to cross-examine these involved persons who have personal knowledge in the Evidentiary Hearing. Plaintiff is also entitle to present its expert testimony before the Court helping the finding of facts. An evidentiary hearing is warranted if there are disputed material facts and substantial questions of the witness's credibility and potential fraud to the USPTP. Plaintiff will be prejudiced if Plaintiff has no opportunity to cross these relevant persons in Evidentiary Hearing.

**II.  Defendant's Position:**

    Defendant proposes a two-week deadline for Plaintiff to file an opposition in response to the Motion, with Defendant's Reply being due a week after. Defendant has introduced its products into the market about a month and half ago. These products, *i.e.*, towel warmers, are seasonal products, the demand for which increases during the cold months. Because of the sale of the infringing products in the market, Defendant has suffered losses that are, as explained in Defendant's Motion, irreparable if not stopped immediately. As such, Defendant has requested this emergency relief to benefit from the exclusivity of its patent over the winter and spring months, which are upon us. The extended schedule proposed by Plaintiff will only delay the relief requested by Defendant. Indeed, a response to a regular motion in this district requires a submission in 3 weeks. Plaintiff has not offered any reason why it is unable to respond to the Motion by the deadline requested by Defendant when Plaintiff was aware of Defendant's intention to file this Motion from October 1, *i.e.*, 12 days ago.[1]

    Defendant opposes an Evidentiary Hearing because Plaintiff has not identified any factual issues that require witness testimony. Plaintiff seems to have identified three issues which may result in disputed facts: infringement, invalidity, and fraud on the Patent Office. On the issue of infringement, Plaintiff is in possession of its products, and should have access to the discovery it needs to refute Defendant's infringement arguments—it is unclear what witness testimony is needed on this issue. On the question of validity, the issue pertains to whether the asserted patent is disclosed by or obvious in view of prior art. These arguments can be addressed

---

[1]  Counsel for Plaintiff suggests that Defendant has initially agreed to a 30-day period for responding to the Motion. Counsel for Defendant respectfully submits that this assertion is incorrect.

October 12, 2023
Page 3



by identifying prior art publications that render the patent invalid. Again, it is unclear why witness testimony is required when the arguments can be raised on paper. On the issue of fraud on the Patent Office, Defendant has provided a copy of the petition submitted to the Patent Office, signed by the prior assignee, as well as a declaration by the inventor of the patent. In response, however, Plaintiff has not identified what factual issue requires a hearing. Plaintiff simply insinuates that there may be some other information to discover, but this is not enough to raise a factual dispute. Moreover, none of the witnesses that Plaintiff plans on calling are within the subpoena power of this court. In the absence of these witnesses, on this record, Plaintiff will not be able to create a factual dispute, even if an evidentiary hearing is held. For these reasons, Defendant opposes Plaintiff's request for an Evidentiary Hearing.

    We thank you in advance for your time and consideration.

Sincerely,

/s/ *Armin Ghiam*

cc:    All Counsel of Record