IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01855-STV

SHENZHEN KEENRAY INNOVATIONS LIMITED,

    Plaintiff,

v.

GLOBAL PROTON LLC,

    Defendant.

---

**MOTION FOR LIMITED EXPEDITED DISCOVERY**

---

Plaintiff Shenzhen Keenray Innovations Limited ("Plaintiff" or "Keenray"), by and through its counsels, hereby respectfully requests this Court to grant leave for the Parties to conduct limited expedited discovery related to Defendant Global Proton LLC's ("Defendant" or "Proton", collectively with Keenray as "Parties") Motion for Preliminary Injunction ("Motion") pursuant to Fed. R. Civ. P. 26(d)(1) and extend the deadline for Keenray to oppose Proton's Motion 30-day after the completion of the Expedited Discovery.

Keenray has reached out to Proton and Proton would oppose Keenray's motion for expedited motion. The Parties agrees to shorten the brief schedule of this motion that the deadline for Proton's opposition is 7 days and the deadline for Keenray's reply is 3 days.

### I. STATEMENTS OF FACTS

This action arises from the Proton's filing fraudulent patent infringement complaint to Amazon against Keenray, causing Amazon to threaten to remove Keenray's offers and Amazon.com selling privilege from the market. Proton is not the inventor of the U.S. Patent No. 8,481,895("'895 Patent") but rather obtained the abandoned '895 Patent with the former owner

1

HeatWave LLC ("HeatWave") through filing a fraudulent petition to USPTO. After the assignment of the '895 Patent, Proton immediately filed its patent infringement complaint with Amazon against multiple sellers, including Keenray whose towel warmer products are highly popular in United States and ranked as the first place in best sellers in Towel Warmer on Amazon. Proton tried to start its shady business by using Amazon's intellectual property protection system as a tool to harm legitimate sellers like the Keenray, stealing the seller's market, and eliminating fair competition. Upon the coming of the peak season for the towel warmer products, Proton filed its Motion for Preliminary Injunction on October 9, 2023. *See* Dkt. 23.

The Parties met and conferred for Proton's Motion on October 4, 2023. *See* Decl. of Wang. ¶2. Keenray stated it would move for expedited discovery regarding Proton's Motion and would depose HeatWave LLC regarding the fraud before the USPTO. *Id*. at ¶3. Proton's counsel stated that the HeatWave LLC is no longer in operation and there is only one person around this company, and they might be able to request the person provide a declaration to support its Motion. *Id*. After Proton filed its Motion, Keenray learned that the person is Curtis Taylor. Curtis Taylor's declaration is riddled with defects and at least part of his declaration is based on information conveyed to him by others that he believes to be true, but not based on his personal knowledge. *See* Dkt. 23-9, ¶3. Curtis Taylor testified that HeatWave LLC has been continuously licensing the '895 Patent to multiple companies and benefiting greatly from it and has also been actively enforcing the '895 Patent for years, but surprisingly learned about the abandonment of the '895 Patent in May of 2023, almost two years after the '895 Patent was abandoned. *Id*., at ¶¶5-12, 16-17, 27.

Further, Curtis Taylor also testified as Proton's industrial designer regarding Proton's products and market. It is problematic how Proton could establish its argument for irreparable

harm when only began to sell the products two months ago and bought the '895 Patent four months ago.

To facilitate the proceeding, Keenray retained process server to serve the subpoenas addressed to Brian E. Turung and HeatWave LLC on October 2, 2023. *See* Decl. of Wang. ¶4 Brian E. Turung has been served, and Keenray is still waiting for his response and try to negotiate the deposition date with Brian E. Turung's counsel. *Id*. at ¶5. However, the server found HeatWave LLC's address is vacant and is currently investigating the real address of HeatWave LLC. *Id*. at ¶6. Keenray also served the initial disclosure and discovery requests for the normal discovery process on Proton, on October 9 and 11, 2023. *Id*. at ¶¶7-8. Additionally, Keenray also retained service processer to serve companies such as Brookstone, Sharper Image, Conair, and Homedics, that Curtis Taylor mentioned, and Brian Catlett who signed the assignment with Proton requesting produce documents from October 12 to 13, 2023. *Id*. at ¶9. It is also worth noting that Keenray retained service processer to serve Proton since July 21, 2023. However, the service processors cannot find Proton at all three addresses, including the address provided in Proton's answer, 100 N. Ashley Dr., Suite 600, Tampa, FL 33602. *Id*. at ¶11.

## II.   LEGAL STANDARDS

As Judge Varholak noted: in this district, courts permit such expedited discovery upon a showing of good cause. *SEBO Am., LLC v. Does*, No. 21-CV-02865-RM-STV, 2021 WL 5167196, at *1 (D. Colo. Oct. 29, 2021); *see also Nellson v. Barnhart*, No. 20-CV-00756-PAB, 2020 WL 3000961, at *3 (D. Colo. June 4, 2020). Good cause may exist where the plaintiff seeks a preliminary injunction, where the moving party has asserted claims of infringement or unfair competition, or "where physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation." *Id*. (citing *Qwest Commc'ns Int'l,*

3

*Inc. v. Worldquest Networks, Inc*., 213 F.R.D. 418, 419 (D. Colo. 2003)); *see also Pod-Ners, LLC v. N. Feed & Bean of Lucerne Liab. Co*., 204 F.R.D. 675, 676 (D. Colo. 2002). In addition, expedited discovery may be appropriate in cases where the plaintiff seeks a preliminary injunction. *Id*. (*citing Revlon Consumer Products Corp. v. Jennifer Leather Broadway, Inc.*, 858 F.Supp. 1268, 1269 (S.D.N.Y.1994), aff'd, 57 F.3d 1062 (2d Cir.1995)); *see also Metal Bldg. Components, L.P. v. Caperton*, No. CIV-04-0256 MV/DJS, 2004 WL 7337726, at *3 (D.N.M. Apr. 2, 2004) ("expedited discovery is frequently necessary and appropriate in cases involving requests for a preliminary injunction.").

Factors commonly considered in assessing the existence of good cause include: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *American LegalNet, Inc. v. Davis*, 673 F. Supp 2d 1063, 1066 (C.D. Cali. 2009). *See also, Disability Rights Council of Greater W ash. v. W ash. Metro. Area Transit Auth*., 234 F.R.D. 4, 7 (D.D.C. 2006); *see also Denver Homeless Out Loud, et al. v. Denver, Colorado, et al*., No. 20-CV-2985-WJM-SKC, 2020 WL 6585795, at *2 (D. Colo. Nov. 10, 2020) (quotations and citations omitted). Additionally, "good cause may be found where the . . . need for expedited discovery outweighs the possible prejudice or hardship to the [responding party]." *Metal Bldg. Components*, L.P., 2004 WL 7337726 at *4.

Courts in this Circuit have repeatedly found "good cause" exists for expedited discovery in cases involving requests for preliminary injunctive relief. *Advantage Sales & Mktg. LLC v. Gold*, No. 18-CV-00312-RM, 2018 WL 6252781, at *1 (D. Colo. Feb. 13, 2018); *Icon Health & Fitness, Inc. v. Johnson Health Tech N. Am., Inc*., No. 10-CV-00209, 2011 WL 13136539, at *3

4

(D. Utah Mar. 1, 2011); *Metal Bldg. Components, L.P.*, 2004 WL 7337726 at *3; *Smith v. Colorado by & through Polis*, No. 20-CV-03107-RM-KLM, 2020 WL 7043866, at *1 (D. Colo. Dec. 1, 2020) (granting "Defendants' motion for limited, expedited discovery" regarding Plaintiffs' Motion for Preliminary Injunction).

### III.   ARGUMENTS

#### A.   Good Cause Exists for Keenray's Expedited Discovery Request in Light of Proton's Pending Motion Preliminary Injunction.

As an initial matter, where this Court has stated that good cause exists where a party is seeking a preliminary injunction, Keenray has satisfied its showing of good cause because of the preliminary injunction motion that is currently pending. *Qwest Commc'ns*, 213 F.R.D. at ("The good cause standard may be satisfied where a party seeks a preliminary injunction . . . ."). Keenray has also satisfied its showing of good cause because of the preliminary injunction motion that is currently pending.

Additionally, without an order permitting expedited discovery, Keenray would be prejudiced and harmed by having no ways to verify the authenticity of the allegations in Proton's Motion. Especially, Proton's Motion is heavily relied on Curtis Taylor's declaration, which is riddled with defects.

A preliminary injunction is an extraordinary and drastic remedy. Keenray's towel warmer products are highly popular in United States and ranked as the first place in best sellers in Towel Warmer on Amazon. *See* Dkt. 1, ¶13. Any suspension of Keenray's sales on Amazon would cause irreparable harm to Keenray and potentially destroy Keenray's business. This motion represents Keenray's only opportunity to obtain information and evidence to preserve the status quo and develop the record before it is too late. Therefore, the significant deleterious impacts preliminary injunctive relief will have on Keenray weighs heavily in favor of permitting expedited discovery.

5

### B. The Expedited Jurisdictional Discovery Requested by Keenray is Narrowly Tailed and Will Provide Evidence in Opposition to Proton's Motion.

In addition to the presumptively reasonable nature of an expedited discovery request in a preliminary injunction setting, Keenray's request is reasonable because it seeks a limited amount of discovery that is narrowly tailored to the specific issues raised by Proton in its Motion. *Sunflower Elec. Power Corp. v. Sebelius*, No. 08-2575, 2009 WL 774340, at *2 (D. Kan. Mar. 20, 2009).

***First***, Keenray seeks to depose Curtis Taylor, the inventor of the '895 Patent and now Proton's industrial designer. *See* Dkt. 23-9, ¶1. Proton heavily relied on Curtis Taylor's declaration to support its Motion while his declaration is problematic, overly decorated and riddled with defects. However, it appears that Proton is reluctant to allow Keenray an opportunity to cross-examine Curtis Taylor, thereby preventing the Court from ascertaining the truth, merely because the witness is not "within the subpoena power of this court". *See* Dkt. 25, p. 2. Proton cannot have its cake and eat it. Further, Curtis Taylor provided his declaration at least partially based on information conveyed to him by others that he believes to be true, but not based on his personal knowledge. *See* Dkt. 23-9, ¶3. Therefore, it is necessary to depose Curtis Taylor. *Smith*, 2020 WL 7043866, at *1 ("Defendants may depose … two of the three individuals who provided declarations in support of the PI Motion, to address the various factual matters and representations made in such declarations and the PI Motion.")

***Second***, Keenray also seeks to take Fed. R. Civ. P. 30(b)(6) depositions of representative of Proton and request Proton to provide relevant document and information related to the allegations mentioned in Curtis Taylor's declaration and Proton's Motion. *Smith*, 2020 WL 7043866, at *1 ("Defendants may take Fed. R. Civ. P. 30(b)(6) depositions of representatives of the Manufacturer Plaintiffs regarding the limited topics set forth in the Motion for Discovery…

6

which also address issues and factual matters raised in the PI Motion. Further, Defendants may obtain documents related to such topics"). Keenray is entitled to seek the documents and information relating to the Proton's identification, real address (because the service processor cannot find Proton at all the known addresses), '895 Patent, products, sale channels and records, brand, markets, manufacturer, communication and documents between HeatWave LLC and Curtis Taylor, and all the information relating to Proton's allegation of irreparable harm. If the Court granted Keenray's Motion for expedited discovery, Keenray will serve the discovery requests limit on these topics regarding Proton's Motion.

**_Third_**, Keenray also seeks to depose Brian E. Turung and HeatWave LLC (it would be the same deposition if HeatWave LLC designated Curtis Taylor as the deponent). Brian E. Turung is the attorney of HeatWave LLC who submitted the petition to USTPO stating that the abandonment of the '895 Patent was unintentional. If, as Curtis Taylor stated in his declaration, HeatWave LLC has been continuously licensing the '895 Patent to multiple companies and benefiting greatly from it, and if HeatWave LLC has also been actively enforcing the '895 Patent for years, it is highly suspicious that HeatWave LLC has "unintentionally" failed to pay the maintenance fee for two years. *See* Dkt. 23-9, ¶¶5-12, 16, 27. Thus, Keenray should also be entitled to depose the third-parties. *SEBO Am.*, 2021 WL 5167196, at *1 (granting Plaintiff's motion for expedited discovery on third party.)

**_Fourth_**, Keenray also seeks to request the companies, Brookstone, Sharper Image, Conair, and Homedics, which are mentioned by Curtis Taylor in his declaration, to produce documents regarding the alleged licensing of the '895 Patent. Keenray has retained servers to serve the subpoenas to these companies from October 11 to 13, 2023. *Id.*, at ¶9.

7

Therefore, Keenray's request for expedited discovery is narrowly tailed to the facts regarding the issues presenting by Proton to support its Motion. Additionally, considering the possible objections raised by Proton and third parties, as well as the potential necessity for a motion to compel, Keenray reasonably anticipates that it will require 60 days to complete the Expedited Discovery.

### C. Keenray's Purpose for Requesting Expedited Discovery is Valid.

In addition to analyzing the scope of an expedited discovery request, courts determine reasonableness by determining the moving party's purpose. *Sunflower Elec*, 2009 WL 774340, at *2. Good cause exists where a party's purpose is to advance the litigation and save judicial resources. *Renaud v. Gillick*, at *3, 2007 WL 98465 (W.D. Wash.).

Here, Proton filed a motion for preliminary injunction. "A preliminary injunction is an 'extraordinary and drastic remedy,' it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689 (2008). "[I]f the accused infringer presents a substantial question of validity, i.e., asserts an invalidity defense that the patentee cannot prove 'lacks substantial merit,' the preliminary injunction should not issue." *BlephEx, LLC v. Myco Indus., Inc.*, 24 F.4th 1391, 1399 (Fed. Cir. 2022). There is a substantial question of validity of the '895 Patent in this case. Keenray still needs to take the expedited discovery to obtain more information and evidence to adequately oppose Proton's Motion. Further, Keenray also needs the expedited discovery to obtain more evidence to show how could Proton establish its argument for irreparable harm while it does not have a real address in United States and only allegedly began to sell the products two months ago. *See* Decl. of Wang, ¶11.

### D. The Discovery Request Will Not Unduly Burden Proton and the Timing of the Request.

8

Along with scope and purpose, courts have also looked at the burden placed on the non-moving party. *Sunflower*, 2009 WL 774340, at *2. Expedited discovery requests are not unduly burdensome if they are limited in scope and if the defendant was given adequate notice. *Id.*; *Renaud v. Gillick,* 2007 WL 98465, at *3 (W.D. Wash.).

**_First_**, as explained above, Keenray has appropriately limited the discovery requests to Proton's Motion. Additionally, Keenray has given Proton adequate notice of this motion. Keenray has notified Proton's counsel during the meet and confer for Proton's Motion that if Proton refused to stipulate the expedited discovery, Keenray would file the motion for expedited discovery. *See* Decl. of Wang. ¶3. Further, the Parties has completed the Fed. R. Civ. P. 26(f) and 16(b) conferences, and the Court has entered the Scheduling Order on September 20, 2023. *See* Dkt. 21. Keenray has also served the initial disclosure and discovery requests to Proton, on October 9 and 11, 2023. *See* Decl. of Wang. ¶¶7-8. However, the regular discovery process cannot satisfy Keenray's needs to oppose Proton's Motion. Because of the narrow tailed scope of the expedited discovery, whatever issues Proton may encounter in collecting the information and documents would be minimal, and certainly outweighed by the potential harm to Keenray.

**_Second_**, Proton does not deserve emergency relief. This litigation was filed by Keenray in July 20, 2023. Dkt. 1. Proton waited two months to file its Answer and three months to file its Motion. *See* Dkt. 22, 23. The Federal Circuit has also made clear that :delay in seeking a remedy is an important factor bearing on the need for a preliminary injunction." *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 49 F.3d 1551, 1557 (Fed. Cir. 1995). Likewise, in previous patent cases, this Court has found that plaintiffs cannot establish the irreparable harm factor due inlarge part to significant delays in bringing suit and seeking injunctive relief. *Chestnut Hill Sound Inc. v. Apple Inc.*, No. 15-261-RGA, 2015 WL 6870037, at *4 (D. Del. Nov. 6, 2015).

Further, Proton was also sued by another Amazon seller in Eastern District Court of New York for the same reason as this litigation and Proton does not file any motion for preliminary injunction in that case. It is also worth noting that Proton did not seek for emergency relief when it filed the Motion.

***Third***, Proton fails to establish the irreparable harm. Proton alleges that it "will suffer irreparable harm in the form of: the loss of a unique product; harm to Proton's patent rights; price erosion; reduced market share; inability to collect judgment against infringers; and loss of future profits" *See* Dkt. 23, p. 15. However, the inventor's conclusory and problematic declaration and Proton's counsel's argument cannot establish the irreparable harm. *Voile Mfg. Corp. v. Dandurand*, 551 F. Supp. 2d 1301, 1307 (D. Utah 2008)(denying patentee's motion for preliminary injunction and ruling that patentee's president's "conclusory affidavit is not enough to demonstrate irreparable harm here. Courts require more than unsupported factual conclusions to support such a finding. *See, e.g., Sanofi–Synthelabo*, 470 F.3d at 1381 (upholding district court's finding of irreparable harm based on "substantial evidence"); *Precision Automation*, 2007 WL 4480739 at *4–*6 (finding that patentee seeking preliminary injunction had not offered substantial evidence of irreparable harm)") Further, there are over forty kinds of towel warmer products sold by multiple sellers on Amazon. *See* Decl. of Wang. ¶10. Proton does not sue any of the alleged infringers also shows that it was not irreparable harmed. *Polymer Techs., Inc. v. Bridwell*, 103 F.3d 970, 976 (Fed. Cir. 1996). Further, Proton does not even sell its products on Amazon, thus Keenray is not Proton's direct competitor because Keenray's customers have no opportunity to compare their products. Also, Proton has just started to sell its products two months ago, it has no market share to reduce. Proton's allegations regarding the inability to collect judgement and loss of future profits are also conclusory and weigh nothing to its Motion.

Therefore, there will not be any unduly burden on Proton and Proton is certainly capable of responding to Keenray's requests in an expedited manner.

***Finally***, courts look to the timing of the expedited discovery request to determine reasonableness. An expedited discovery request is timely if: (1) it is not requested too far in advance of the normal discovery process; and (2) it is made at a time when the party needs the discovery to advance the case. *Sunflower*, 2009 WL 774340, at *2. Keenray's request is at the beginning of the normal discovery process. Keenray has served the discovery requests for the normal discovery process. *See* Decl. of Wang. ¶¶7-8. Keenray notified Proton of this motion as early as the meet and confer for Proton's Motion. Therefore, Keenray's request is timely.

## IV.  CONCLUSION

For the foregoing reason, Keenray respectfully requests that the Court grants Keenray's Motion for Expedited Discovery and leaves the parties conduct preliminary injunction discovery for a period of 60 days and extend the deadline for Keenray to oppose Proton's Motion for Preliminary Injunction 30-day after the completion of the Expedited Discovery.

| Date: October 15, 2023 | /s/ Wei Wang |
|---|---|
| | Wei Wang, Esq. |
| | GLACIER LAW LLP |
| | 41 Madison Avenue, Suite 2529 |
| | New York, NY, 10010 |
| | wei.wang@glacier.law |
| | 332-777-7315 |
| | Tao Liu, Esq. |
| | Tao.liu@glacier.law |
| | Tianyu Ju, Esq. |
| | Iris.ju@glacier.law |
| | Yu-Hao Yao, Esq. |
| | mickey.yao@glacier.law |
| | Glacier Law LLP |
| | 910 S Lake Ave, Suite 910 |
| | Pasadena, CA 91101 |
| | ***Attorneys for Plaintiff*** |

**CERTIFICATE PURSUANT TO D.C.COLO.LCivR 7.1**

On October 13, 2023, Keenray's counsel communicated with Proton's counsel concerning Keenray's motion for expedited discovery. Proton's counsel indicated his client intends to oppose Keenray's motion.

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 15, 2023, I filed a true and correct copy of the foregoing document via the Court's electronic-filing system, which will send electronic notification of such filing to all counsel-of-record in this action.

/s/ Wei Wang
Wei Wang, Esq.
GLACIER LAW LLP
